JACK SILVERSTEIN, PLAINTIFF-APPELLANT, CROSS-RE-
SPONDENT, v. WILLIAM H. FALCEY, COUNTY CLERK,
DEFENDANT-RESPONDENT, CROSS-APPELLANT.

Argued October 21, 1963—Decided October 21, 1963.

*Mr. A. Jerome Moore* argued the cause for plaintiff-appel-
lant, cross-respondent.

*Mr. Joseph Bash* argued the cause for defendant-respond-
ent, cross-appellant.

PER CURIAM. The complaint attacked the positions assigned by the County Clerk to public questions on the ballot for the general election this November in the County of Mercer. The County of Mercer uses a voting machine commonly known as the Shoup Machine which has ten voting columns running vertically and has an index column to the left of the first voting column and an index column to the right of the tenth voting column. The only other voting machine used in New Jersey is that providing horizontal voting lines.

It appears not to be disputed that with respect to the voting machine here involved, the tenth voting column and the right index column were designed for voting on public questions and we are informed that the general practice in Mercer and in other counties where this type of machine is in use has been to present the public questions to the voter in that manner.

In connection with the forthcoming election the Legislature has provided in *section* 24 of *Chapters* 74 and 75 of *P. L.* 1963, that certain questions be submitted to the voters and that the Secretary of State "shall direct the clerk of each county of this State to cause such question or questions, * * * to be printed and placed on each of said ballots, together with the summary statement, in a manner which will give prominence to such question or questions and statement."

The Clerk of Mercer County construed the statutes to authorize or require him to place these questions in the most prominent portion of the ballot, in furtherance of which he placed the questions beneath the positions reserved for voting for candidates rather than in the tenth column. The trial court disapproved of the arrangement and directed that the public questions be in the upper portion of column one of the ballot, the questions being set forth in the index column to the left of column one with the candidates for public office being listed below.

The intention of the Legislature in directing prominence for the two public questions is admittedly obscure. The basic design of the Shoup machine and the other machine as well

is intended to separate public questions from the candidates for political office and to that end the public questions are assigned to column ten and the index column to the right thereof on the Shoup machine and along the top of the ballot on the other machine. To interpret the statutes just referred to as vesting in the County Clerk discretion to place the public questions elsewhere on the ballot is to invite the possibility of confusion between the public questions and the candidates, and indeed much of the controversy before us revolves about claims that one format or another is likely to lead to such confusion.

In view of the basic arrangement of the machine and the underlying purpose in separating public questions from the candidates for office, we think the legislative direction for prominence was intended to be accomplished within the existing format of the Shoup machine, that is to say that the questions shall appear for voting in column ten placed at the head of all public questions and with such directions or guides as the County Clerk may devise to the end that the voters' attention will be attracted to the questions. We are informed that heretofore there have been guides of that kind at the top of the machine. These guides should be continued and the Clerk may place on the ballot such additional appropriate directions as in his judgment will attract the voters' attention.

The judgment is reversed with directions for further proceedings not inconsistent herewith. No costs.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.